## MOSES VS. HAWKINS.

The Auditor donated a tract of land on the 12th of May, 1854 ; the taxes upon the land for 1855, being unpaid, the collector sold it, on the 10th of March, 1856, to the plaintiff, who obtained the collector's deed on the 17th June, 1857, and a confirmation of the tax sale in March, 1859. On the 20th of October, 1856, the Auditor re-donated the land, because the condition of improvement had not been complied with: HELD, That the purchaser at the tax sale acquired the legal title to the land.

*Appeal from Conway Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

FORD, for the appellant.

HOLLOWELL, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

This suit was begun by an action of ejectment, and its effect is to determine which must prevail of two titles to a quarter

section of donation land, to-wit : the south-east quarter o
séction thirty-six in township eight, north of range fourteen
west, in Conway county.

Hiram Cogle's donation of the land upon the 12th of May,
1854, is precedent to the claims of both of the parties, and though
neither of them can be said to claim under him, the claims of
each are based upon Cogle's non-performance of the conditions
of the donation made to him by the State.   As upon his not pay-
ing the taxes due upon the land in 1855, it was sold by the col-
lector on the 10th of March, 1856, to the plaintiff, who is the
appellant here, who obtained a collector's deed the 17th of June,
1857, and had his tax sale confirmed by a decree of the Con-
way Circuit Court sitting in Chancery, at its March term, 1859.
The defendant's claim is that the Auditor re-donated the land
upon the 20th of October, 1856, because Cogle had failed to
furnish evidence that he had made the improvements upon the
land which were the conditions of his donation.   Defendant
claims under the second donee, and the conditions of the se-
cond donation have been observed.   All the proceedings on
both sides are admitted to be regular and defendant is admit-
ted to be in possession of the land.

The sheriff of Conway county, upon the non-payment of the
taxes by Cogle in 1855, proceeded under the 23*d section of chap-
ter* 101, *Art. II, of Gould's Digest,* to subject it to sale as if it
had not been donation land ; while the Auditor, in re-donating
the land, was acting under the 11th section of the same divi-
sion, which provides that donation land may be re-donated when
it is abandoned, or when it is forfeited to the State by a non-
compliance with the donation laws.

In this case, there was a failure to pay the taxes due upon
the land for 1855, which made it the duty of the collector to
treat the land as if it were not donation land ; and there was
also a forfeiture of the land to the State for neglect of Cogle to
comply with the conditions of improvement required by the do-
nation laws ; for which the land, after eighteen months from
the 12th of June, 1854, was subject to re-donation.

But the State could not both hold it liable and sell it for taxes, and also donate it the second time.

The first and principal liability of the land, as of all property, is to the State for its taxes, and when the land was re-donated on the 20th of October, 1856, the donee took it incumbered with any claim the State had levied upon it for the taxes of 1855. In other words, the title depending upon the condemnation of the land for taxes in 1855, if properly condemned, is superior to that which is founded upon Cogle's forfeiture of his right for not performing the conditions of his donation. That right of forfeiture did not accrue till the 12th of December, 1855, which was not enforced till the 20th of October, 1856 ; while the land had been liable for the taxes of that year from a time anterior to the right of forfeiture, which liability was enforced by the sale of the land to the plaintiff upon the 10th of March, 1856.

Upon the facts set forth, exclusive of the decree of confirmation, which appear both by admissions of the parties and documentary evidence, the title of the plaintiff was better than that of the defendant, unless it should be that the right to forfeiture of the land made it the property of the State, so that she could not in March, 1856, sell it for taxes, and the court sitting as a jury should have found for the plaintiff instead of finding, as it did, for the defendant.

From what we have said, it follows that the first and second propositions of the plaintiff were legal and applicable to the case, and should have been so declared by the court. The third, relating to the inviolability of the confirmation of the tax sale was also legal and applicable, as the tax sale that was confirmed by the decree, made it unimpeachable for any of its irregularities, and the propositions should have been sustained.

The judgment is reversed, with direction to grant a new trial, and for proceedings in the next trial in accordance with this opinion.